# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY LEE DOSS,<br><br>             Petitioner,<br><br>     v.<br><br>JAMES D. HARTLEY, Warden<br><br>             Respondent. | 1:08-cv-00638 OWW DLB HC<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF CLAIM TWO OF PETITION<br><br>[Doc. 1] |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner filed the instant petition for writ of habeas corpus on May 8, 2008. In response to the Court's order, Petitioner submitted a declaration that the petition was signed under penalty of perjury on June 6, 2008. (Court Doc. 5.)

Petitioner raises the following two claims in his petition: (1) the B.P.H abused its discretion by denying parole based solely on the circumstances of the commitment offense; and (2) the trial court erred in sentencing and the abstract of judgment is incorrect. As to the former claim, Petitioner states that the Parole Board informed him to bring the issue back to the sentencing court. (Petition, at 5.)

On the form petition, Petitioner states that he was convicted and sentenced in Compton Superior Court. (Petition, at 1.) The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant

1  resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part
2  of the events or omissions giving rise to the claim occurred, or a substantial part of the property
3  that is the subject of the action is situated, or (3) a judicial district in which any defendant may be
4  found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

5  As Claim Two relates to Petitioner's underlying conviction and sentence by the Compton
6  Superior Court, which is in the Central District of California, the claim must be raised in the
7  United States District Court for the Central District of California.  Therefore, because this Court
8  does not have jurisdiction to review Petitioner's challenge to his sentence, Claim Two must be
9  dismissed, without prejudice.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Claim Two of the instant petition be DISMISSED, without prejudice.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fifteen (15) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   June 16, 2008              /s/ Dennis L. Beck
                                    UNITED STATES MAGISTRATE JUDGE