# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY LEE DOSS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>JAMES D. HARTLEY, Warden<br><br>　　　　Respondent.<br>_____/ | 1:08-cv-00638 OWW DLB HC<br><br>ORDER VACATING FINDINGS AND RECOMMENDATION TO DISMISS CLAIM TWO OF THE INSTANT PETITION, AND TRANSFERRING PETITION TO UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA<br><br>[Doc. 6] |

　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　Petitioner filed the instant petition for writ of habeas corpus on May 8, 2008. (Court Doc. 1.) Petitioner raises two claims in the petition: (1) the B.P.H abused its discretion by denying parole based solely on the circumstances of the commitment offense; and (2) the trial court erred in sentencing and the abstract of judgment is incorrect. As to the latter claim, Petitioner states that the Parole Board informed him to bring the issue back to the sentencing court. (Petition, at 5.)

　　On June 18, 2008, the Court issued a Recommendation to dismiss Claim Two of the petition, without prejudice, as it challenged the validity of his sentence which was within the jurisdiction of the United States District Court for the Central District of California. (Court Doc. 6.)

　　On June 26, 2008, Petitioner filed objections to the Findings and Recommendation.

1  (Court Doc. 7.)  In his objections, Petitioner clarifies that his petition raises the single claim that
2  his sentence is unconstitutional and that is the reason why he has been denied parole.  Petitioner
3  acknowledges that any challenge to constitutionality his sentence must be raised in the Central
4  District and that is where a substantial part of the events took place.  Accordingly, because
5  Petitioner's core challenge is to the constitutionality of his sentence, the Court will transfer the
6  petition to the Central District pursuant to 28 U.S.C. § 1391(b)(2).[1]  In the interest of justice, a
7  federal court may transfer a case filed in the wrong district to the correct district.  See 28
8  U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir.1974).

   Based on the foregoing, IT IS HEREBY ORDERED that

10  1.   The Findings and Recommendation issued on June 18, 2008, is VACATED; and,
11  2.   This matter is transferred to the United States District Court for the Central
12       District of California.
13  IT IS SO ORDERED.
14  Dated:  July 17, 2008              /s/ Dennis L. Beck
                                       UNITED STATES MAGISTRATE JUDGE

---

[1] The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought."  28 U.S.C. § 1391(b).